# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
### Civil Action No.: 5:22-cv-00070-FL

THE ESTATE OF ANN EVA WRAY, by and through Laura Wray, Administrator, THE ESTATE OF JETT TODD SWETLAND, by and through Todd R. Swetland, Administrator, THE ESTATE OF CHANEY D. PARTRICH, by and through Paul Partrich, Administrator, AMBER MCCARTHY, and ALEXANDRA C. EUBANKS,

                    Plaintiffs,

v.

TIFFANY VICTORIA LEE, a Maryland resident, LARRY BEDDINGFIELD d/b/a LARRY BEDDINGFIELD & SONS TRUCKING, a North Carolina limited liability corporation, KENNEDY BROTHERS, INC., a North Carolina Corporation, and KENNEDY BROTHERS LOGISTICS, INC., a North Carolina Corporation,

                    Defendants.

## DEFENDANT KENNEDY BROTHERS LOGISTICS, INC.'S ANSWER AND CROSSCLAIM

NOW COMES Defendant, KENNEDY BROTHERS LOGISTICS, INC., ("Answering Defendant") by and through undersigned counsel, responding to Plaintiffs' Complaint (the "Complaint"), and alleging as follows:

## FIRST DEFENSE
## [PARTIES]

1.    The allegations contained in paragraph 1 are admitted upon information and belief.

2.      The allegations contained in paragraph 2 are admitted upon information and belief.

3.      The allegations contained in paragraph 3 are admitted upon information and belief.

4.      The allegations contained in paragraph 4 are admitted upon information and belief.

5.      The allegations contained in paragraph 5 are admitted upon information and belief.

6.      The allegations contained in paragraph 6 are admitted upon information and belief.

7.      The allegations contained in paragraph 7 are admitted upon information and belief.

8.      The allegations contained in paragraph 8 are admitted upon information and belief.

9.      The allegations contained in paragraph 9 are admitted upon information and belief.

10.     The allegations contained in paragraph 10 are admitted upon information and belief.

11.     The allegations contained in paragraph 11 are admitted upon information and belief.

12.     The allegations contained in paragraph 12 are admitted upon information and belief.

13.     The allegations contained in paragraph 13 are admitted upon information and belief.

14.     The allegations contained in paragraph 14 are admitted in so far as Defendant Butterball, LLC is a limited liability company organized and existing under the laws of the State of North Carolina and maintains its principal place of business and registered office in the State of North Carolina.  The remaining allegations contained in paragraph 14 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, except as specifically admitted, the remaining allegations in paragraph 14 of the  Complaint are denied.

15.     The allegations contained in paragraph 15 are admitted upon information and belief.

16.     The allegations contained in paragraph 16 are admitted in so far as Defendant Kennedy Brothers, Inc. is a corporation organized and existing under the laws of the State of North Carolina and maintains its principal place of business and registered office in the State of North Carolina.   The remaining allegations contained in paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, except as specifically admitted, the remaining allegations in paragraph 16 of the Complaint are denied.

17.     The allegations contained in paragraph 17 are admitted in so far as Defendant Kennedy Brothers Logistics, Inc. is a corporation organized and existing under the laws of the State of North Carolina and maintains its principal place of business and registered office in the State of North Carolina.  The remaining allegations contained in paragraph 17 of the Complaint are legal conclusions to which

3

no response is required. To the extent a response is required, except as specifically admitted, the remaining allegations in paragraph 17 of the Complaint are denied.

18.     The allegations contained in paragraph 18 are admitted upon information and belief.

19.     The allegations contained in paragraph 19 are admitted upon information and belief.

20.     The Answering Defendant is without sufficient information to admit or deny the allegations contained in paragraph 20, therefore, they are denied as stated.

21.     The Answering Defendant is without sufficient information to admit or deny the allegations contained in paragraph 21, therefore, they are denied.

22.     The Answering Defendant is without sufficient information to admit or deny the allegations contained in paragraph 22, therefore, they are denied.

23.     The allegations contained in paragraph 23 are admitted upon information and belief.

24.     The allegations contained in paragraph 24 are admitted upon information and belief.

25.     The Answering Defendant is without sufficient information to admit or deny the allegations contained in paragraph 25, therefore, they are denied.

26.     The Answering Defendant is without sufficient information to admit or deny the allegations contained in paragraph 26, therefore, they are denied.

27.     The Answering Defendant is without sufficient information to admit or deny the allegations contained in paragraph 27, therefore, they are denied.

28.     The allegations contained in paragraph 28 are denied upon information and belief.

29.     The Answering Defendant is without sufficient information to admit or deny the allegations contained in paragraph 29, therefore, they are denied.

30.     The Answering Defendant is without sufficient information to admit or deny the allegations contained in paragraph 30, therefore, they are denied.

31.     The Answering Defendant is without sufficient information to admit or deny the allegations contained in paragraph 31, therefore, they are denied.

32.     The allegations contained in paragraph 32 are admitted in so far as Defendant Lee entered the intersection and was struck by Defendant Beddingfield. Answering Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 32, therefore they are denied. Except as specifically admitted, the remaining allegations in paragraph 32 of the Complaint are denied.

33.     The allegations contained in paragraph 33 are admitted upon information and belief.

34.     The Answering Defendant is without sufficient information to admit or deny the allegations contained in paragraph 34, therefore, they are denied.

35.     The allegations contained in paragraph 35 are admitted upon information and belief.

36.     The allegations contained in paragraph 36 are admitted upon information and belief.

37.     The allegations contained in paragraph 37 are admitted upon information and belief.

38.     The allegations contained in paragraph 38 are admitted in so far as a result of the collision, Plaintiff Amber McCarthy sustained serious bodily injury. Except as specifically admitted, the remaining allegations in paragraph 38 of the Complaint are denied.

39.     The allegations contained in paragraph 39 are admitted in so far as a result of the collision, Plaintiff Alexandra Eubanks sustained serious bodily injury. Except as specifically admitted, the remaining allegations in paragraph 39 of the Complaint are denied.

40.     The Answering Defendant is without sufficient information to admit or deny the allegations contained in paragraph 40, therefore, they are denied.

41.     The allegations contained in paragraph 41 are admitted.

42.     The allegations contained in paragraph 42 are admitted.

43.     The allegations contained in paragraph 43 are admitted.

44.     The allegations contained in paragraph 44 are admitted.

45.     The allegations contained in paragraph 45 are admitted.

46.     The allegations contained in paragraph 46 are admitted.

47.     The allegations contained in paragraph 47 are admitted.

## COUNT I
### Negligence of Tiffany Victoria Lee

48.     Answering Defendant incorporates by reference its responses to Paragraphs 1 – 47 above as if fully stated herein.

49.     It is admitted that at or about 12:48 a.m. on March 13, 2020, Defendant Tiffany Victoria Lee entered the intersection of North Carolina Highway 55 and State Route 1744, with passengers Plaintiffs Amber McCarthy and Alexandra Eubanks and Plaintiffs' Decedents Ann Wray, Jett Todd Swetland, and Chaney Partrich, and collided with the tractor-trailer driven by Defendant Larry Beddingfield. Answering Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 49, therefore they are denied. Except as specifically admitted, the remaining allegations in paragraph 49 of the Complaint are denied.

50.     The allegations contained in paragraph 50 are admitted on information and belief.

51.     The allegations contained in paragraph 10 are admitted in so far as decedents Ann Wray, Jett Todd Swetland, and Chaney Partrich all suffered foreseeable serious and significant bodily injury, resulting in each individual's death following the collision upon information and belief. Except as specifically admitted, the remaining allegations in paragraph 51 of the Complaint are denied.

52.     The allegations contained in paragraph 52 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 52 are denied as stated.

53.     The allegations contained in paragraph 53 are denied.

54.     The allegations contained in paragraph 54 are denied.

7

## COUNT II
### Negligence of Larry Beddingfield
**(Individually, and Larry Beddingfield d/b/a Larry Beddingfield & Sons Trucking)**

55.     Answering Defendant incorporates by reference its responses to Paragraphs 1 – 54 above as if fully stated herein.

56.     It is admitted that on or about 12:48 a.m. on March 13, 2020, Defendant Beddingfield's tractor trailer and Defendant Lee's vehicle collided. Answering Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 56, therefore they are denied. Except as specifically admitted, the remaining allegations in paragraph 56 of the Complaint are denied.

57.     The allegations contained in paragraph 57 are admitted upon information and belief.

58.     The Answering Defendant is without sufficient information to admit or deny the allegations contained in paragraph 58, therefore, they are denied.

59.     The allegations contained in paragraph 59 are admitted in so far as Decedents Ann Wray, Jett Todd Swetland and Chaney Partrich all suffered significant bodily injury, resulting in each individual's death following the collision. Except as specifically admitted, the remaining allegations in paragraph 59 of the Complaint are denied.

60.     The allegations contained in paragraph 60 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 60 are denied as stated.

61.     It is admitted that Plaintiffs Amber McCarthy and Alexandra Eubanks, individually, all suffered significant bodily injury, following the collision. Answering Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 61, therefore they denied. Except as specifically admitted, the remaining allegations in paragraph 61 of the Complaint are denied.

62.     The allegations contained in paragraph 62 are denied.

### COUNT III
### Negligence of Butterball, LLC
**(Direct Liability)**

63.     Answering Defendant incorporates by reference its responses to Paragraphs 1 – 62 above as if fully stated herein.

64.     The allegations contained in paragraph 64 are admitted upon information and belief.

65.     The allegations contained in paragraph 65 are admitted on information and belief.

66.     The allegations contained in paragraph 66 are admitted on information and belief.

67.     The Answering Defendant is without sufficient information to admit or deny the allegations contained in paragraph 67, therefore, they are denied.

68.     The allegations contained in paragraph 68 are denied.

69.     The allegations contained in paragraph 69 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 69 are denied as stated.

9

70.     The allegations contained in Paragraph 70 of the Complaint are directed toward other parties and no response is required by Defendant Kennedy Brothers Logistics, Inc. To the extent a response is required, Answering Defendant is without sufficient information to admit or deny the allegations contained in paragraph 70, therefore, they are denied.

71.     The allegations contained in paragraph 71 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 71 are denied as stated.

72.     The allegations contained in paragraph 72 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 72 are denied as stated.

73.     The allegations contained in paragraph 73 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 73 are denied as stated.

74.     The allegations contained in paragraph 74 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 74 are denied as stated.

75.     The allegations contained in paragraph 75 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 75 are denied as stated.

76.     The allegations contained in paragraph 76 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 76 are denied as stated.

77.     The allegations contained in paragraph 77 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 77 are denied as stated.

78.     The allegations contained in paragraph 78 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 78 are denied as stated.

79.     The allegations contained in paragraph 79 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 79 are denied as stated.

80.     The allegations contained in paragraph 80 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 80 are denied as stated.

81.     The allegations contained in paragraph 81 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 81 are denied as stated.

82.     The allegations contained in paragraph 82 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 82 are denied as stated.

83.     The allegations contained in paragraph 83 are denied.

**COUNT IV**
**Derivative Liability of Butterball, LLC**

84.     Answering Defendant incorporates by reference its responses to Paragraphs 1 – 83 above as if fully stated herein.

85.     The allegations contained in paragraph 85 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 85 are denied as stated.

86.     The allegations contained in paragraph 86 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 86 are denied as stated.

87.     The allegations contained in paragraph 87 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 87 are denied as stated.

88.     The allegations contained in paragraph 88 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 88 are denied as stated. As other and further response, the Answering Defendant says it did not "provid[e] motor vehicle transportation," but instead "arrang[ed] for transportation" as defined in 49 U.S.C. § 13102(2),(14). Further, Answering Defendant acted as a broker as defined in 49 U.S.C. § 13102(2): one who "sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation."

89.     The allegations contained in paragraph 89 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 89 are denied as stated. As other and further response, the Answering Defendant says it did not "provid[e] motor vehicle transportation," but instead "arrang[ed] for transportation" as defined in 49 U.S.C. §

12

13102(2),(14). Further, Answering Defendant acted as a broker as defined in 49 U.S.C. § 13102(2): one who "sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation."

90.     The allegations contained in paragraph 90 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 90 are denied as stated. As other and further response, the Answering Defendant says it did not "provid[e] motor vehicle transportation," but instead "arrang[ed] for transportation" as defined in 49 U.S.C. § 13102(2),(14). Further, Answering Defendant acted as a broker as defined in 49 U.S.C. § 13102(2): one who "sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation."

91.     The allegations contained in paragraph 91 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 91 are denied as stated.

**COUNT V**
**<u>Negligence of Kennedy Brothers, Inc.</u>**
**(Direct Liability)**

92.     Answering Defendant incorporates by reference its responses to Paragraphs 1 – 91 above as if fully stated herein.

93.     It is admitted that Kennedy Brothers, Inc. is in the business of transporting freight in interstate commerce.  At all times relevant to the incident alleged in the Complaint, Kennedy Brothers Logistics, Inc. brokered the load, and it

13

was being transported by Larry Beddingfield dba Beddingfield and Sons Trucking as carrier. Except as specifically admitted, the remaining allegations contained in paragraph 93 are denied.

94. The allegations contained in paragraph 94 are admitted.

95. The allegations contained in paragraph 95 are admitted.

96. The allegations contained in paragraph 96 are admitted.

97. The allegations contained in paragraph 97 are denied.

98. The allegations contained in paragraph 98 are denied.

99. The allegations contained in paragraph 99 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 99 are denied as stated.

100. The allegations contained in paragraph 100 are a legal conclusion to which no response is required and are not directed to Answering Defendant. To the extent a response is deemed necessary, the allegations contained in paragraph 100 are denied.

101. The allegations contained in paragraph 101 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations contained in paragraph 101 are denied.

102. The allegations contained in paragraph 102 are denied.

103. The allegations contained in paragraph 103 are denied.

104. The allegations contained in paragraph 104 are denied.

14

105.    The allegations contained in paragraph 105 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations contained in paragraph 105 are denied.

106.    The allegations contained in paragraph 106 are denied.

107.    The allegations contained in paragraph 107 are denied.

108.    The allegations contained in paragraph 108 are denied.

109.    The allegations contained in paragraph 109 are denied.

110.    The allegations contained in paragraph 110 are denied.

111.    The allegations contained in paragraph 111 and each of the allegations contained in subparagraphs (a) through (d) are denied.

112.    The allegations contained in paragraph 112 and each of the allegations contained in subparagraphs (a) through (e) are denied.

113.    The allegations contained in paragraph 113 are denied.

**COUNT VI**
**Derivative Liability of Kennedy Brothers, Inc.**

114.    Answering Defendant incorporates by reference its responses to Paragraphs 1 – 113 above as if fully stated herein.

115.    The allegations contained in paragraph 115 are denied.

116.    The allegations contained in paragraph 116 are denied.

117.    The allegations contained in paragraph 117 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 117 are denied as stated.

15

## COUNT VII
## <u>Negligence of Kennedy Brothers Logistics, Inc.</u>
### (Direct Liability)

118.    Answering Defendant incorporates by reference its responses to Paragraphs 1 – 117 above as if fully stated herein.

119.    It is admitted that Kennedy Logistics is in the business of brokering the transport of freight in interstate commerce.    Except as specifically admitted, the remaining allegations in paragraph 119 of the Complaint are denied.

120.    The allegations contained in paragraph 120 are admitted.

121.    The allegations contained in paragraph 121 are admitted.

122.    It is admitted that Kennedy Brothers Logistics, Inc. contracted with Larry Beddingfield & Son regarding the transport of property on November 15, 2019. It is further admitted that Kennedy Brothers Logistics, Inc. contracted with Kennedy Brothers, Inc. to use the equipment of Kennedy Brothers, Inc. and dispatch tractors and trailers as needed beginning on September 30, 2019. Except as specifically admitted, the remaining allegations contained in paragraph 122 are denied.

123.    The allegations contained in paragraph 123 are denied as stated.

124.    The allegations in paragraph 124 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations contained in paragraph 124 are denied.

125.    The allegations contained in paragraph 125 are denied.

126.    The allegations contained in paragraph 126 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations contained in paragraph 126 are denied.

16

127. The allegations contained in paragraph 127 are denied.

128. The allegations contained in paragraph 128 are denied.

129. The allegations contained in paragraph 129 are denied.

130. The allegations contained in paragraph 130 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations contained in paragraph 130 are denied.

131. The allegations contained in paragraph 131 are denied.

132. The allegations contained in paragraph 132 are denied.

133. The allegations contained in paragraph 133 are denied.

134. The allegations contained in paragraph 134 are denied.

135. The allegations contained in paragraph 135 are denied.

136. The allegations contained in paragraph 136 including each of the allegations contained in subparagraphs (a) through (d) are denied.

137. The allegations contained in paragraph 137 including each of the allegations contained in subparagraphs (a) through (e) are denied.

138. The allegations contained in paragraph 138 are denied.

## COUNT VIII
### Derivative Liability of Kennedy Brothers Logistics, Inc.

139. Answering Defendant incorporates by reference its responses to Paragraphs 1 – 138 above as if fully stated herein.

140. The allegations contained in paragraph 140 are denied.

141. The allegations contained in paragraph 141 are denied.

142. The allegations contained in paragraph 142 are denied.

17

## SECOND DEFENSE

Plaintiffs' Complaint fails to assert a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Answering Defendant was not the proximate cause of Plaintiffs' alleged damages.

## FOURTH DEFENSE
### (Plaintiffs' Negligence)

The sole, direct and proximate cause of the incidents and occurrences referenced in the Complaint and all alleged damages proximately resulting therefrom, was the negligence and assumed of risk of Plaintiffs in that they:

a) Plaintiffs, and each of them, at the time of the accident and at all pertinent times, failed to exercise care for their own safety, that that Plaintiffs, occupied the motor vehicle involved in the collision without using the sea belt available in the vehicle, and had the seatbelt been utilized, Plaintiffs' injuries would have been substantially reduced or prevented. Failure to wear a seatbelt while occupying a motor vehicle on a public street is a violation of  . Consequently, Plaintiffs were negligent per se.

b) Plaintiffs, and each of them, were, on the date of the accident, drinking intoxicating liquors with Defendant Lee and was encouraging Defendant Lee to drink, and any misconduct on the part of Defendant Lee in the driving and operating of the automobile that was caused by Defendant Lee's intoxication was directly and proximately caused by the actions of Plaintiffs.

18

c)  Plaintiffs, and each of them, were contributorily negligent in riding with a person whom they know to be habitually careless and reckless.

d)  Plaintiffs, and each of them, knew or should have known that the driver was under the influence of alcohol  and were contributorily negligent  in voluntarily riding with the driver.

e)  Failed to exercise due care and circumspection under the conditions then and there existing;

f)  Failed to make adequate inquiry and investigation into the matters and circumstances then attending;

g)  Assumed the risks inherent in their conduct;

h)  Was negligent and assumed all alleged risks; and

i)  In other respects, which may be set forth at the trial of this matter.

Plaintiffs' own negligence is a complete bar or offset to the damages claimed.

## FIFTH DEFENSE
### (Answering Defendant Was Not Negligent)

Answering Defendant was not negligent in any manner with respect to the incident forming the basis of Plaintiffs' Complaint; acted reasonably under the circumstances of others' careless and negligent acts; and none of the alleged actions or inactions by Answering Defendant in Plaintiffs' Complaint proximately caused Plaintiffs' injuries.  Accordingly, Answering Defendant is not liable to Plaintiffs.

## SIXTH DEFENSE
### (Lack of Duty)

Answering Defendant owed no duties to Plaintiffs for any of the matters alleged in Plaintiffs' Complaint.  Even if a duty did exist (which Answering Defendant

specifically denies), Answering Defendant acted reasonably and in conformance with all applicable standards of care at all times and did not breach any such duty.

## SEVENTH DEFENSE
### (Lack of Causation)

In the event Answering Defendant was negligent (which is denied), any such negligence was not the cause of any alleged damages to Plaintiffs.

## EIGHTH DEFENSE
### (Negligence of Others)

The incident and injuries of Plaintiffs, if any, made the basis of this suit, were caused in whole or in part by reason of fault, neglect, or negligence on the part of others named or unnamed in this action (which include but are not limited to the intervening and supervening negligent acts of such parties and/or acts of God), and/or under such circumstances and conditions so as to bar or reduce any recovery for those injuries and damages, if any, from Answering Defendant.

## NINTH DEFENSE
### (Unclean Hands)

Plaintiffs, and each of their inequitable and unfair actions in connection with the subject matter of this action, are a bar or offset to their alleged damages.

## TENTH DEFENSE
### (Intervening/Superseding/Insulating Acts)

If the conduct of Answering Defendant was negligent (which is denied), then such conduct was passive and insulated by the active, intervening and superseding acts and/or omissions of Plaintiffs, and each of them, and/or others. The active, intervening, superseding and insulating acts and/or omissions of Plaintiffs, and each

of them, and/or others breaks the chain of proximate causation with respect to any act or omission by Answering Defendant.

## ELEVENTH DEFENSE
**(Estoppel)**

Plaintiffs', and each of their, actions and inactions in connection with the subject matter of this action estop and bar them from their claims in this action.

## TWELFTH DEFENSE
**(Incorporation of All Defenses)**

Answering Defendant hereby incorporates by reference, as if fully set forth herein, all defenses both affirmative and otherwise raised, pleaded, or asserted by all other Defendants in this matter.

## THIRTEENTH DEFENSE
**(Right to Set Off)**

In the event of an adverse verdict against Answering Defendant, although Answering Defendant denies and contests the same, Answering Defendant is entitled to an offset for any and all moneys received by Plaintiffs for any settlement or resolution with other parties or persons.

## FOURTEENTH DEFENSE
**(Reservation of Defenses Including Contribution/Indemnity)**

Answering Defendant hereby reserves further defenses which may apply based on facts discovered in the instant action. Further, in the event Answering Defendant is in any way responsible to Plaintiffs, and each of them, (which is denied), Answering Defendant reserves the right to seek contribution and/or indemnity from others for any negligent or intentional misconduct by them for which they were the or a proximate cause in damaging the parties in this action.

21

## CROSS CLAIM FOR CONTRIBUTION

Without admitting any of the allegations in the Complaint, Answering Defendant refers to and incorporates by reference the Complaint for damages in this matter.

Answering Defendant denies that it is in any manner responsible for the Plaintiffs' injuries and damages. For a crossclaim against Co-Defendants Tiffany Victoria Lee ("Lee") and Larry Beddingfield d/b/a Larry Beddingfield & Sons Trucking ("Beddingfield")(Lee and Beddingfield are collectively "Cross Defendants"), Answering Defendant says:

1.     Cross Defendants, and each of them, had the following duties, among others: to maintain a proper lookout, to obey traffic control devices, to exercise due care, and other matters to be shown at trial.

2.     Answering Defendant is informed and believes, and on the basis of such information and belief allege that Cross Defendants breached those duties or was negligent in other ways as may be discovered and/or proven at trial, and those breaches/negligence were the proximate cause of Plaintiffs' alleged injuries.

3.     Such concurring negligence of Cross Defendants, and each of them, entitles this Answering Defendant to contribution of any award, judgment, costs, expenses and attorney's fees pursuant to Chapter 1B of the North Carolina General Statutes.

## CROSS CLAIM FOR INDEMNITY AS TO DEFENDANT LARRY BEDDINGFIELD d/b/a BEDDINGFIELD AND SONS TRUCKING

4.     Answering Defendant restates and realleges the foregoing paragraphs 1-3 of its Crossclaim as if fully stated herein.

5.     Answering Defendant and Beddingfield entered into a Broker/Contract Owner Operator Agreement dated November 15, 2019, and the Trailer Interchange Agreement (the "Agreement").

6.     The Agreement contained an indemnification provision at Paragraph 6.

7.     Answering Defendant denies that it is in any manner responsible for the Plaintiffs' injuries and damages. If, however, liability is imposed on Answering Defendant as a result of the matters alleged in the Complaint, that liability could

22

only be derivative from or concurrent with the acts and liability of Cross Defendants Larry Beddingfield dba Larry Beddingfield and Sons Trucking.

8.    If liability is imposed on Answering Defendant as a result of the matters alleged in the Complaint, Defendant Larry Beddingfield dba Larry Beddingfield and Sons Trucking  has an equitable duty to indemnify Answering Defendant for such liability, either totally or in proportion to the relative degree of fault of each party to this action.

9.    Answering Defendant is contractually entitled to indemnity from Defendant Larry Beddingfield dba Larry Beddingfield and Sons Trucking for any award, judgment, costs, expenses and attorney's fees pursuant to Paragraph 6 of the Agreement.

**WHEREFORE**, Answering Defendant, having fully answered the Complaint, respectfully prays the Court for the following relief:

1.    That Plaintiffs have and recover nothing of this Answering Defendant;

2.    That Plaintiffs' suit be dismissed with prejudice;

3.    That Answering Defendant's costs be taxed against Plaintiffs;

4.    That this Answering Defendant have and recover contribution against co Defendants Lee and Beddingfield;

5.    That this Answering Defendant have and be indemnified by Beddingfield for a sum in excess of Ten Thousand Dollars, together with interests and costs;

6.    That Plaintiffs pay Answering Defendant's attorney's fees as provided by law;

7.    For such other and further relief that the Court deems just and proper; and

8.    A trial by jury on all issues herein.

23

**RESPECTFULLY SUBMITTED**, this the 1st day of March 2022.

> BY: /s/ Geoffrey A. Losee
> Geoffrey A. Losee
> NC State Bar No. 21185
> glosee@rountreelosee.com
> Pardis Camarda
> NC State Bar No. 53006
> pcamarda@rountreelosee.com
> ROUNTREE LOSEE LLP
> 2419 Market Street
> Wilmington, NC 28403
> Tel.: (910) 763-3404
> Fax: (910) 763-0080
> *Attorneys for Defendant*
> *Kennedy Brothers Logistics, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Answer and Counterclaim of Defendant Kennedy Brothers Logistics, Inc. was filed electronically with the Court with notice of case activity to be generated and sent electronically and by U.S. Mail as follows:

Jon R. Moore
BROWN MOORE & ASSOCIATES, PLLC
Post Office Box 35189
Charlotte, NC 28235
jmoore@brownmoorelaw.com
*Attorneys for Estate of Ann Wray*

Eric L. Doggett
STRICKLAND AGNER PITTMAN
112 North William St.
Goldsboro, NC 27530
billy@stricklandlawnc.com
*Attorneys for Estate of Chaney Partrich*

Eric P. Haase
Coleman M. Cowan
LAW OFFICES OF JAMES SCOTT FARRIN
280 S. Mangum St., Ste. 400
Durham, NC 27701
ehaase@farrin.com
ccowan@farrin.com
*Attorneys for Amber McCarthy*

Michael M. Jones
DEES, SMITH, POWELL, JARRETT
DEES & JONES, LLP
100 North Williams St.
Goldsboro, NC 27532
jones@deeslaw.com
*Attorneys for Alexandra Eubanks*

Darren M. Dawson
RIDDLE & BRANTLEY, LLP
P.O. Box 11050
Goldsboro, NC 27532
dmd@justicecounts.com
*Attorneys for Estate of Jett Swetland*

This the 1st day of March 2022.

/s/ Geoffrey A. Losee
Geoffrey A. Losee