IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-70-FL

| | |
|---|---|
| THE ESTATE OF ANN EVA WRAY by and through Laura Wray, Administrator; THE ESTATE OF JED TODD SWETLAND by and through Todd R. Swetland, Administrator; THE ESTATE OF CHANEY D. PARTRICH by and through Paul Partrich, Administrator; AMBER MCCARTHY; ALEXANDRIA C. EUBANKS, <br><br> Plaintiffs, <br><br> v. <br><br> KENNEDY BROTHERS LOGISTICS, INC., a North Carolina Corporation; TIFFANY VICTORIA LEE, a Maryland resident; LARRY BEDDINGFIELD, d/b/a Larry Beddingfield & Sons Trucking, a North Carolina limited liability corporation; KENNEDY BROTHERS, INC., a North Carolina corporation; BUTTERBALL, LLC, a North Carolina limited liability corporation, <br><br> Defendants. | ORDER |

This matter is before the court on plaintiffs' motion to remand, (DE 38), and for leave to file a surreply, (DE 54). The issues raised have been briefed fully, and in this posture, are ripe for ruling. For the following reasons, plaintiffs' motion to remand is granted and plaintiffs' motion for leave to file a surreply is denied as moot.

**STATEMENT OF THE CASE**

Plaintiffs initiated this tort action in the Superior Court Division for Wayne County, North Carolina January 19, 2022. The dispute arises out of a collision that occurred between a motor vehicle driven by defendant Tiffany Victoria Lee ("Lee") and a commercial tractor-trailer driven by defendant Larry Beddingfield ("Beddingfield"). Plaintiffs assert personal injury and wrongful death claims against all defendants under state law.[1]

Defendant Kennedy Brothers Logistics, Inc. ("KBL") removed the action to this court February 22, 2022, asserting that the court has original jurisdiction over plaintiffs' claims against it as they are preempted by the Federal Aviation Administration Authorization Act ("FAAAA"). On March 7, 2022, defendant KBL filed a supplemental removal cover sheet specifying that defendants KBL and Kennedy Brothers, Inc., joined in the removal and that the other defendants Lee, Beddingfield, and Butterball, LLC ("Butterball"), did not.

Plaintiffs thereafter filed the instant motion to remand the case for failure to obtain the timely consent of the non-removing defendants. Plaintiffs also request that the court require KBL to pay reasonable attorneys' fees pursuant to 28 U.S.C. § 1447. Defendant KBL responded in opposition, and plaintiffs replied. On June 3, 2022, plaintiffs moved for leave to file a surreply for the purpose of providing the court with a copy of an amicus brief by the United States, drafted in relation to a petition for certiorari then pending before the United States Supreme Court concerning the preemption issue now raised by defendant KBL in its removal.[2] Defendant KBL responded in opposition to plaintiffs' motion.

---

[1] A motion to remand also is pending in the related case The Estate of Madison Rose Mergl v. Tiffany Victoria Lee et al., E.D.N.C. 5:22-CV-218-FL arising out of the same vehicular collision. That motion, raising similar arguments, is addressed by separate order.

[2] The petition was denied. Miller v. C.H. Robinson Worldwide, Inc., 976 F.3d 1016, 1020 (9th Cir. 2020), cert. denied, 142 S. Ct. 2866 (2022).

2

## STATEMENT OF FACTS

Defendant KBL is an authorized broker certified by the United States Department of Transportation, and in that capacity brokered the weekly transportation of defendant Butterball's poultry product by defendant Beddingfield from Mount Olive, North Carolina to Pageland, South Carolina. (Compl. (DE 1-1) ¶¶ 121-22). On one such trip, driving westbound along Highway 55 at 12:48 a.m. on March 13, 2020, defendant Beddingfield in a commercial tractor-trailer struck a vehicle driven by defendant Lee. (Id. ¶¶ 18, 25, 32). The force of the impact caused defendant Lee's vehicle to travel over 150 feet and overturn. (Id. ¶ 33). Plaintiffs or plaintiffs' decedents all were passengers in Lee's vehicle. (Id. ¶¶ 19, 34-39).

## COURT'S DISCUSSION

A.  Motion to Remand

   1.  Standard of Review

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).[3] "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Id. "If federal jurisdiction is doubtful, a remand is necessary." Id.; see Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008) (recognizing the court's "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand").

---

[3] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

3

2. Analysis

It is undisputed that defendant KBL did not obtain unanimous consent from co-defendants for removal. Plaintiffs argue that under 28 U.S.C. § 1446(b) removal is thus improper, and remand required. Defendant KBL contends 28 U.S.C. § 1441(c), and not 28 U.S.C. § 1446(b), applies, and under 28 U.S.C. § 1441(c) it is not obligated to obtain consent from the other defendants.

"Section 1446 of Title 28 describes the appropriate removal procedure to invoke federal jurisdiction and requires the defendant seeking removal to file a timely notice of removal stating the grounds for removal with the appropriate federal district court." Barbour v. In'l Union, 640 F.3d 599, 605 (4th Cir. 2011) (en banc), abrogated on other grounds by 28 U.S.C. § 1446(b)(2)(B). "The Supreme Court has construed [§ 1446(b)] to include a 'unanimity requirement,' such that all defendants must consent to removal." Mayo v. Bd. of Educ. of Prince George's Cty., 713 F.3d 735, 741 (4th Cir. 2013). Thus, under § 1446(b), if any defendant properly joined and served does not consent to removal, the action cannot be removed, and remand is required. See id.

28 U.S.C. § 1441(c) creates an exception to the unanimity requirement, providing:

(1) If a civil action includes—
  (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
  (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1441(c). "Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1)." 28 U.S.C. § 1441(c)(2). Thus, under § 1441(c), where a claim under federal question jurisdiction, as described under subparagraph (A), is joined with a claim not within the federal court's jurisdiction, as described under (B), only those defendants against whom a claim under federal question

4

jurisdiction is asserted need join in the removal. 28 U.S.C. § 1441(c)(1). Thereafter, pursuant to § 1441(c)(2), the court must sever and remand the claims over which the court lacks jurisdiction. 28 U.S.C. § 1441(c)(2).

      a.      Federal Question Jurisdiction Under 28 U.S.C. § 1441(c)(1)(A)

In its notice of removal, defendant KBL contends plaintiffs' claims against it are preempted by the FAAAA and so arise under federal law, thereby satisfying 28 U.S.C. § 1441(c)(1)(A). The court disagrees.

The presence or absence of federal-question jurisdiction "is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393.

"There does exist, however, an independent corollary to the well-pleaded complaint rule, known as the complete pre-emption doctrine." Id. The complete preemption doctrine is triggered when "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Id. "Unlike ordinary preemption, which does not create federal subject matter jurisdiction, complete preemption has the effect of transforming a state-law cause of action into one arising under federal law because Congress has occupied the field so thoroughly as to leave no room for state-law causes of action at all." Johnson v. Am. Towers, LLC, 781 F.3d 693, 702 (4th Cir. 2015);

5

Caterpillar, 482 U.S. at 392 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.").

"[C]omplete preemption only applies in a very narrow range of cases." Johnson v. Am. Towers, LLC, 781 F.3d 693, 701 (4th Cir. 2015). Its limited applicability is evidenced by the fact that the Supreme Court has found only three statutes to have the requisite extraordinary preemptive force to support complete preemption, none of them applicable here. See id.; Marcus v. AT&T Corp., 138 F.3d 46, 54 (2d Cir. 1998) (listing the three areas in which the Supreme Court has applied the complete preemption doctrine). For the complete preemption doctrine to apply, Congress must "clearly manifest[] an intent to make causes of action . . . removable to federal court." Johnson, 781 F.3d at 701.

"[T]he sine qua non of complete preemption is a pre-existing federal cause of action that can be brought in the district courts." Id. at 702. "Indeed, the Supreme Court has emphasized that for the purposes of complete preemption, the preempting statute must provide 'the exclusive cause of action' for claims in the area that the statute preempts." Id. (quoting Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 9 (2003) (emphasis in original)). For instance, in finding that § 502 of the Employment Retirement Income Security Act of 1974 ("ERISA") completely preempted state law, the Supreme Court of the United States found it significant that the Act "set forth a comprehensive civil enforcement scheme" as "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if [participants] were free to obtain remedies under state law that Congress rejected in ERISA." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987) ("The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted . . . provide strong evidence that

6

Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." (emphasis in original)).

Turning to the statutory language, which "necessarily contains the best evidence of Congress' pre-emptive intent," Dan's City Used Cars, Inc. v. Pelkey, 569 U.S. 251, 260 (2013), the FAAAA includes an express preemption clause relevant to brokers such as KBL,[4] providing:

> (1) General rule.–Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any . . . , broker, or freight forwarder with respect to the transportation of property

49 U.S.C. § 14501(c)(1) (hereinafter the "FAAAA preemption clause").

The language of the FAAAA preemption clause tracks the preemption clause included in the Airline Deregulation Act of 1978 ("ADA"), with "one conspicuous alteration—the addition of the words 'with respect to the transportation of property.'" Dan's City Used Cars, Inc., 569 U.S. at 261. "That phrase massively limits the scope of preemption ordered by the FAAAA." Id. Further limiting its scope, the FAAAA preemption clause must also be read in conjunction with its statutory exception, which instructs that it "shall not restrict the safety regulatory authority of a State with respect to motor vehicles" (hereinafter, "the safety exception"). 49 U.S.C. § 14501(c)(2)(A).

Considering these limitations, the statutory text of the FAAAA contains no clear Congressional intent to engulf the entire area of personal injury and wrongful death claims involving transportation brokers and motor carriers. The absence of such language "takes on added significance in light of Congress's failure to provide any federal remedy for persons injured by

---

[4] Based on the allegations in the complaint, KBL is a broker governed by the FAAAA. (See Compl. (DE 1-1) ¶¶ 121-122); 49 U.S.C. § 13102(2) (defining a broker as one who "sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation").

7

such conduct." Hodges v. Delta Airlines, Inc., 44 F.3d 334, 338 (5th Cir. 1995) (concluding the same with respect to the ADA). "It is difficult to believe that Congress would, without comment, remove all means of judicial recourse for those injured by illegal conduct." Id. In sum, Congress has not clearly manifested an intent to make personal injury and wrongful death claims against brokers removable to federal court. See Johnson, 781 F.3d at 701. Accordingly, plaintiffs' claims are not completely preempted.

In arguing to the contrary, defendant KBL relies upon Gillum v. High Standard, LLC, No. SA-19-CV-1378-XR, 2020 WL 444371 (W.D. Tex. Jan. 27, 2020), a removal case in which the court held that the FAAAA completely preempts negligent brokering claims. Gillum's analysis, however, fails to distinguish between complete preemption and ordinary preemption, and draws upon ordinary preemption principles in its complete preemption analysis. Tellingly, the two Supreme Court cases on which it relies when outlining the complete preemption doctrine, Rowe v. New Hampshire Motor Transp. Ass'n, 552 U.S. 364, 370 (2008) and Dan's City Used Cars, Inc., 569 U.S. at 261, dealt with ordinary preemption in actions that were originally filed in federal court. Gillum, 2020 WL 444371, at *2-3. As complete preemption is a "jurisdictional doctrine" and "[o]rdinary preemption simply declares the primacy of federal law," the court declines to follow Gillum's reliance on ordinary preemption principles. Johnson, 781 F.3d at 702 ("Complete preemption and ordinary preemption on the merits are not as close kin jurisprudentially as their names suggest.").[5]

---

5  Gillum's holding also is contrary to decisions by other district courts in this circuit that have considered whether the FAAAA preempts common-law negligent selection claims. See, e.g., Taylor v. Sethmar Transportation, Inc., No. 2:19-CV-00770, 2021 WL 4751419, at *16 (S.D.W. Va. Oct. 12, 2021) (not preempted under safety exception); Grant v. Lowe's Home Ctrs., LLC, No. 5:20-02278-MGL, 2021 WL 288372, at *3-4 (D.S.C. Jan. 28, 2021) (not preempted under safety exception); Vitek v. Freightquote.com, Inc., No. JKB-20-274, 2020 WL 1986427, at *2-4 (D. Md. Apr. 27, 2020) (not preempted because not "related to" broker services); Gilley v. C.H. Robinson Worldwide, Inc., No. 1:18-cv-00536, 2019 WL 1410902, at *3-5 (S.D. W. Va. Mar. 28, 2019) (not preempted because not "related to" broker services, and under safety exception); Mann v. C.H. Robinson Worldwide, Inc., No. 7:16-cv-

8

Pursuant to the foregoing, plaintiffs' claims against defendant KBL are not completely preempted by the FAAAA for the purposes of federal question jurisdiction.[6] As defendant KBL thus fails to satisfy 28 U.S.C. § 1441(c)(1)(A), 28 U.S.C. § 1446 is instead applicable, and defendant was required to secure the consent of all other defendants to remove this case. Because it did not, remand is required.

    b.        Supplemental Jurisdiction Under 28 U.S.C. § 1441(c)(1)(B)

In addition and in the alternative, defendant KBL has not demonstrated that a further requirement under § 1441(c)(1)(B) has been satisfied, namely that all remaining claims are not "within the original or supplemental jurisdiction of the district court." 28 U.S.C. § 1441(c)(1)(B).

Federal courts can exercise "supplemental jurisdiction over all claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Claims form part of the same case or controversy when they "derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988).

Here, plaintiffs' claims all arise out of the same vehicular collision, and liability of each defendant hinges in the first instance upon the determination of liability as to defendants Lee and Beddingfield. Defendant KBL does not contend otherwise, asserting that the "matter should not be severed nor any portion of it remanded as it must be considered by the Court in its entirety." (Def. KBL's Resp. (DE 48) at 14). Accordingly, in addition to lack of complete preemption under the

---

00102, 2017 WL 3191516, at *5-8 (W.D. Va. July 27, 2017) (not preempted because not "related to" broker services, and under safety exception).

[6]        The court does not reach the question of whether the FAAAA preemption clause may still be asserted as a defense to some or all of plaintiffs' claims. See Johnson, 781 F.3d at 702 (distinguishing between complete preemption and ordinary preemption).

9

FAAAA, removal under § 1441(c) is independently foreclosed because the remaining state law claims asserted would come within the court's supplemental jurisdiction. 28 U.S.C. § 1441(c)(1)(B); see, e.g., Kovalev v. Callahan Ward 12th St. LLC, 548 F. Supp. 3d 498, 503 (E.D. Pa. 2021) (joining "a majority of courts which have found that the Jurisdiction and Venue Clarification Act foreclosed the possibility of removal under § 1441(c) when state law claims would otherwise come within the court's supplemental jurisdiction").

In sum, where 28 U.S.C. § 1441(c) is inapplicable and defendant KBL did not obtain unanimous consent as required by 28 U.S.C. § 1446(b), its removal was procedurally defective, and remand is required.[7]

B.  Motion for Attorneys' Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c).

Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

In addressing a request for attorney's fees in the context of remand, the United States Court of Appeals for the Fourth Circuit has looked to whether removing defendants "provided detailed arguments and 'comprehensively briefed the issues arising from their removal, including with reference to a wide range of case law.'" Common Cause v. Lewis, 956 F.3d 246, 257 (4th Cir.

---

[7] Where the court decides plaintiffs' motion to remand in its favor on the basis of their memorandum in support and reply, plaintiffs' motion for leave to file a surreply is denied as moot.

2020) (quoting Common Cause v. Lewis, 358 F. Supp. 3d 505, 515 (E.D.N.C. 2019)). The Fourth Circuit also has looked to whether "[w]ithin our Circuit, indeed within North Carolina, there is precedent for a defendant to remove . . . litigation to federal court under the" basis advanced in the notice of removal. Id.

There is some case precedent supporting defendant KBL's contention that 28 U.S.C. § 1441(c)(1) is applicable to the instant action. See, e.g., Gillum, 2020 WL 444371, at *5-6 (supporting that defendant satisfied 28 U.S.C. § 1441(c)(1)(A)); Moore v. City of Phila., No. 12-cv-3823, 2012 WL 3731818 (E.D. Pa. Aug. 29, 2012) (supporting that defendant satisfied 28 U.S.C. § 1441(c)(1)(B)). While the court declines to adopt the reasoning of that precedent for the reasons set forth herein, where the United States Court of Appeals for the Fourth Circuit has not yet weighed in on the issues, the court cannot say defendant KBL "lacked an objectively reasonable basis for seeking removal" based upon them. Martin, 546 U.S. at 141.

## CONCLUSION

Pursuant to the foregoing, plaintiffs' motion to remand, (DE 38), is GRANTED, and plaintiffs' motion for leave to file a surreply, (DE 54), is DENIED as MOOT. This case is REMANDED pursuant to 28 U.S.C. § 1447(c) to the General Court of Justice, Superior Court Division for the County of Wayne, North Carolina, for further proceedings. The clerk is DIRECTED to close this case and to transmit a certified copy of this order to the clerk of the General Court of Justice, Superior Court Division, Wayne County, North Carolina, and to file in this case a copy of the clerk's transmittal letter with certified copy of the instant order.

SO ORDERED, this the 31st day of October, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge